## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Patrick Mbaba, an individual,

Plaintiff,

v.                                                          Case No:

JP Morgan Chase & Co, a Delaware

corporation, JP Morgan Chase Holdings

LLC, a foreign limited liability company,          **COMPLAINT**

Defendant.                                                 Judge:

COMES NOW the Plaintiff, Patrick Mbaba (hereafter referred to as "Mbaba"), by and through undersigned counsel, The Counxel Legal Firm (Andrew N. Morrow Esq.) and hereby files this Complaint against the Defendant JP Morgan Chase & Co. and JP Morgan Chase Holdings, LLC (hereafter collectively referred to as "Chase" unless specifically designated separately) for violations of the Fair Housing Act, 42 USCA § 3601 *et seq*. (hereafter referred to as FHA). In support of this Complaint, Plaintiff hereby states, avers and alleges as follows:

### NATURE OF THE ACTION

1.      This is a civil action brought by Patrick Mbaba against JP Morgan Chase & Co., a national bank, and its New Mexico holding company or affiliate, JP Morgan Chase Holdings, LLC, under the Fair Housing Act, 42 USCA § 3601 *et seq.*, for, at least, racial and national

1

origin discrimination in the process of approving a loan for the purchase of a home, the Subject

Property.

2.       Defendants' actions, during the process of approving Plaintiff's loan for the Subject

Property impermissibly discriminated against Plaintiff, causing unnecessary delays to the

process and consequently Plaintiff was unable to secure funding in time to purchase the Subject

Property.

3.       Following the cancellation of the sale of the Subject Property to Plaintiff, Defendant

then subsequently issued a loan for the purchase of the Subject Property to another individual

who was not a member of the same protected classes as Plaintiff.

## JURISDICTION AND VENUE

4.   Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

5.   This Court has jurisdiction over the subject matter of this action pursuant to Sections

(a)(1)(A) of 42 USCA § 3613 *et seq.*

6.   Venue is proper in this District and Court as the Subject Property is located within this

District and thus this Court has *in rem* jurisdiction of the Subject Property.

7.   This Court has jurisdiction over the Parties as there is complete diversity of citizenship and

the amount in controversy exceeds the jurisdictional limit of this Court.

8.   Upon information and belief, if discovery reveals that one or more of Defendants' affiliate

companies which is not yet a Party to this action is the true perpetrator of the acts and omissions

which give rise to this Complaint then the acts and omissions of that non-Party affiliate of

Defendants' are imputable and attributable to the named Defendants.

## NOTICE

9.   Plaintiff hereby references and reincorporates each preceding line as if fully set forth

hereat.

10.  Notice of the commencement of this action is given to the Defendant by service of process

upon the Defendants' Registered Agent in New Mexico.

## AUTHORITY

11.  Plaintiff hereby references and reincorporates each preceding line as if fully set forth

hereat.

12.  Authority to bring this action is vested in private individuals such as the Plaintiff by

Sections (a)(1)(A) of 42 USCA § 3613 *et seq*.

## THE DEFENDANTS

13.  Plaintiff hereby references and reincorporates each preceding line as if fully set forth

hereat.

14.  Defendants in this action are JP Morgan Chase & Co., a Delaware Corporation, and JP

Morgan Chase Holdings LLC, a Delaware limited liability company registered to do

business in New Mexico and which is, upon information and belief, the local New Mexico

affiliate of JP Morgan Chase & Co.

15.  The Defendants are a financial institution, or a collective of financial institutions, which are

organized for the purposes of providing financial services to customers, like the Plaintiff,

including providing loans for the purchases of homes and other real property.

3

## STATUTORY AND REGULATORY BACKGROUND

16. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

17. The FHA is designed to accomplish the policy of the United States, to provide citizens, within constitutional limitations, for fair housing throughout the United States by prohibiting discriminatory housing practices in connection with the sale or rental of dwellings. 42 USCA § 3601.

*Prohibition on Discrimination in Housing*

18. Section 3602 defines "dwelling" as any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof.

19. Section 3602 defines "discriminatory housing practice" as any act that is unlawful under Sections 3604, 3605, 3606 and 3617 of the FHA.

20. Section 3604(a) prohibits refusing to sell or rent, or refuse to negotiate for the sale or rental of, or to otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status or national origin.

21. Section 3604(b) prohibits discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status or national origin.

22. Sections 3605, 3606 and 3617 of the FHA are not applicable to the discrimination alleged in this case.

*Who May Bring a Suit*

23. Sections 3610 and 3613 authorize both the Fair Housing Authority and private individuals, as aggrieved persons, to initiate actions under the FHA.

24. Section 3602 defines an "aggrieved person" as any person who claims to have been injured by a discriminatory housing practice or believes that discriminatory housing practices are about to occur.

25. A private individual is only prohibited from initiating an action if a hearing on the record, before an administrative law judge, regarding a suit initiated by the Fair Housing Authority has begun.

26. If the Fair Housing Authority has obtained a conciliation agreement with the alleged discriminatory party, with the consent of an aggrieved person, then the aggrieved person may not initiate an action except for the purpose of enforcing the terms of that conciliation agreement.

27. Section 3602 defines "conciliation agreement" as a written agreement that sets forth the resolution of issues alleged in an action brought by the Fair Housing Authority.

*Relief Available*

28. In a civil action brought by an aggrieved person, the aggrieved person may recover actual and punitive damages for discriminatory housing practices. The Court may also grant, as it

deems appropriate, any permanent or temporary injunction, temporary restraining order or any other order it deems appropriate to accomplish the aims of the FHA.

29. The prevailing party in a civil action brought under the FHA may be awarded their reasonable attorney's fees and costs.

## GENERAL ALLEGATIONS

30. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

31. At all times relevant to this action, Plaintiff was an individual, a resident of California.

32. At all times relevant to this action, Plaintiff was and is an African American, a first-generation immigrant from Nigeria over the age of 65, who is an American citizen. Plaintiff speaks English with a Nigerian accent but is perfectly understandable.

33. Upon information and belief, Plaintiff is a member in one or more protected classes or has one or more protected characteristics.

34. At all times relevant to this action, Defendant JP Morgan Chase & Co. was and is a Delaware corporation.

35. At all times relevant to this action, Defendant JP Morgan Chase Holdings LLC was and is a Delaware limited liability company, licensed and in good standing to do business in New Mexico.

36. Upon information and belief, Defendant JP Morgan Chase Holdings LLC is the local New Mexico affiliate or subsidiary of JP Morgan Chase & Co.

37. Upon information and belief all actions of the representatives of Defendant JP Morgan Chase & Co. are fairly attributable JP Morgan Chase & Co. and to JP Morgan Chase Holdings LLC and vice versa, and that the actions of any other currently unnamed affiliate of JP Morgan Chase & Co., which may be more accurately the subject of this suit, are fairly attributable to Defendants as well and vice versa.

38. On or about July 29, 2022, Plaintiff entered into a purchase contract for a certain property located at 731 Mesa del Rio, NW, Albuquerque NM 87121, the Subject Property, in order to move to New Mexico following the purchase of the Subject Property.

39. Upon information and belief, the Subject Property was and is a "dwelling" within the meaning of the FHA.

40. Plaintiff secured terms for a loan through the financial institution "Bank of America" which is not a party to this action.

41. Upon information and belief, Chase solicited Plaintiff to seek loan terms from Chase and offered more favorable terms to Plaintiff at the time.

42. Prior to the solicitation by Chase, Plaintiff had maintained various accounts with Chase, in good standing, for more than fifteen years.

43. Plaintiff withdrew from the process of loan approval with Bank of America in order to obtain a loan from Chase.

44. Upon information and belief, the loan application and approval process began in a standard fashion with Plaintiff providing all requested information and documents successfully.

45. On or about September 13, 2022 Plaintiff spoke with a representative of Chase on the

    phone who expressed annoyance at and dissatisfaction with Plaintiff's accented English.

46. Upon information and belief, in the phone call Chase's representative made comments

    about the Plaintiff's accent and that his purchase of the Subject Property was inappropriate

    for a vaguely defined reason.

47. Following this phone call, Chase ceased to meaningfully engage with the Plaintiff's loan

    approval process.

48. Chase began to request that Plaintiff produce and verify information that had been

    produced and verified before.

49. Chase requested the same information be produced and verified repeatedly and Plaintiff

    complied with each request for production and/or verification but the loan approval

    process never advanced further.

50. Upon information and belief, the seller of the Subject Property authorized several

    extensions to the closing period during this process in order to allow Chase the appropriate

    time to approve a loan.

51. Eventually, no further extensions were granted, the purchase contract expired and the

    Plaintiff was unable to purchase the Subject Property.

52. Upon information and belief, following the cancellation of the purchase contract another

    individual entered into a purchase contract for the Subject Property, obtained terms for a

    loan from Chase and closed on the sale of the Subject Property without issue.

53. Upon information and belief, Chase engaged in discriminatory practices in housing against the Plaintiff.

54. Upon information and belief, the actions and comments of Chase's representative evidenced bias and animus against Plaintiff on the basis of Plaintiff's national origin and race despite him being a long-term customer of Chase in good standing.

55. Upon information and belief, the actions of Chase in repeatedly requesting the same documents and information be produced and verified repeatedly, after they had already been produced and verified, in conjunction with the comments of Chase's representative, evidenced bias and animus against Plaintiff on the basis of Plaintiff's national origin and race.

56. Upon information and belief, the actions of Chase, in conjunction with Plaintiff having had secured terms for a loan from Bank of America prior to Chase soliciting him to seek loan terms from Chase, evidenced bias and animus against Plaintiff on the basis of Plaintiff's national origin and race.

57. Upon information and belief, the actions of Chase, in conjunction with Chase funding the loan of another person who is not a member of a protected class and does not have a protected characteristic, evidenced bias and animus against Plaintiff on the basis of Plaintiff's national origin and race.

58. Upon information and belief, Chase's actions evidenced bias, animus and intent to discriminate against Plaintiff on the basis of the Plaintiff's protected characteristics.

9

59. Upon information and belief, no good-faith basis existed for Chase to cease the loan approval process and to repeatedly request the same documents and information that had been repeatedly requested and produced.

60. Upon information and belief, Plaintiff would have received a loan for the Subject Property and closed the sale from either Bank of America, had Chase not solicited Plaintiff away from Bank of America, or from Chase had Chase not engaged in a targeted effort to discriminate against Plaintiff.

## COUNT ONE: VIOLATIONS OF THE FHA

### (Section 3604(a))

61. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

62. Plaintiff hereby alleges that Plaintiff is a member of a protected class under the FHA by being both of a different race, national origin and skin color than the majority.

63. Plaintiff hereby alleges that Plaintiff was engaging in the exercise or enjoyment of a right protected by the FHA by negotiating the terms of a loan from the Defendants for the sale of the Subject Property.

64. Plaintiff hereby alleges that the Defendants interfered with the Plaintiff's exercising of those rights to negotiate the terms of a loan from the Defendants for the sale of the Subject Property by, at least, refusing to accept the information and documentation offered by the Plaintiff when they were requested and offered, by continuing to ask for the same

information and documentation multiple times even after it was produced and by delaying

the loan approval process past the point of the cancellation of the sale.

65. Plaintiff hereby alleges that the Defendants were motivated at least in part by an intent to

discriminate based upon the comments made by Chase's representative regarding Plaintiff's

accept and their opinion of Plaintiff's purchase, that Plaintiff had secured loan terms from

Bank of America prior to Chase soliciting the Plaintiff to pursue a loan with Chase, as well

as by Chase issuing a loan to the next prospective buyer of the Subject Property who was

not a member of a protected class.

66. Plaintiff hereby alleges that Plaintiff was damaged by Defendants' actions by not being

able to complete the purchase of the Subject Property.

67. Therefore, Defendants are liable to Plaintiff under Section 3604(a) of the Fair Housing Act.

## **COUNT TWO: VIOLATIONS OF THE FHA**

### **(Section 3604(b))**

68. Plaintiff hereby references and reincorporates each preceding line as if fully set forth

hereat.

69. Plaintiff hereby alleges that Plaintiff is a member of a protected class under the FHA by

being both of a different race, national origin and skin color than the majority.

70. Plaintiff hereby alleges that Plaintiff was engaging in the exercise or enjoyment of a right

protected by the FHA by engaging in negotiating the terms, conditions and privileges of a

loan from the Defendants for the sale of the Subject Property or by engaging the

Defendants in the provision of services or facilities in connection with a loan from the

Defendants for the sale of the Subject Property.

71.  Plaintiff hereby alleges that the Defendants interfered with the Plaintiff's exercising of

those rights to negotiate the terms, conditions and privileges of a loan from the Defendants

for the sale of the Subject Property or by engaging the Defendants in the provision of

services or facilities in connection with a loan from the Defendants for the sale of the

Subject Property by, at least, refusing to accept the information and documentation offered

by the Plaintiff when they were requested and offered, by continuing to ask for the same

information and documentation multiple times even after it was produced and by delaying

the loan approval process past the point of the cancellation of the sale.

72.  Plaintiff hereby alleges that the Defendants were motivated at least in part by an intent to

discriminate based upon the comments made by Chase's representative regarding

Plaintiff's accept and their opinion of Plaintiff's purchase, that Plaintiff had secured loan

terms from Bank of America prior to Chase soliciting the Plaintiff to pursue a loan with

Chase, as well as by Chase issuing a loan to the next prospective buyer of the Subject

Property who was not a member of a protected class.

73.  Plaintiff hereby alleges that Plaintiff was damaged by Defendants' actions by not being

able to complete the purchase of the Subject Property.

74.  Therefore, Defendants are liable to Plaintiff under Section 3604(a) of the Fair Housing Act.

75.  Plaintiff hereby demands a trial by jury on all issues subject to such trial.

## PRAYER FOR RELIEF

**WHEREFORE,** on the basis of the preceding allegations, the Plaintiff hereby prays that this Court grant the Plaintiff the following relief:

1. Grant Plaintiff an award of actual damages, which is the purchase price of the Subject Property, $195,000;

2. Grant Plaintiff an award of punitive damages as the Defendants' actions were born of malice, bias, animus and an intent to discriminate;

3. Permanently enjoin Defendants from engaging in further discriminatory conduct and issue such other orders consistent with accomplishing this;

4. Grant Plaintiff an award of all costs and attorney's fees incurred in this action as allowed by all applicable law;

5. Award Plaintiff any and all other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 28th day of September, 2023.

COUNXEL LEGAL FIRM

_/s/  Andrew Morrow_
Andrew Morrow
2222 S. Dobson Rd. Suite 1104
Mesa, AZ  85202
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing. A copy of the foregoing document is also being sent for personal service upon the registered agent of Defendants located at:

JP Morgan Chase Holdings LLC, &,
JP Morgan Chase & Co.

c/o CT Corporation System
206 S Coronado Ave
Espanola NM 87532

Sandi Matteson
Paralegal for Andrew N. Morrow Esq.

/s/ *Sandi Matteson*