IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK MBABA,

    Plaintiff,

v.                                                                                        Civ. No. 23-872 KWR/SCY

JP MORGAN CHASE BANK, N.A., a national
banking association,

    Defendant.

## ORDER GRANTING MOTION TO COMPEL AND ATTORNEY'S FEES

Defendant filed the present motion to compel, motion for sanctions, and motion for continuance following Plaintiff's failure to answer discovery or appear for his deposition. The Court will grant the motion to compel and grant sanctions in the form of reasonable expenses in bringing the motion, but finds that dismissal as a sanction is not appropriate at this stage of the case.

On September 6, 2024, Defendant served interrogatories, requests for admission, and requests for production on Plaintiff. Doc. 37-1 ¶ 3. Defendant served the discovery via USPS and email. *Id.* ¶ 3. Plaintiff's responses were due October 7. On October 9, counsel for Defendant emailed Plaintiff inquiring as to the status of Plaintiff's discovery responses. *Id.* ¶ 4. No response to this email was received. *Id.* On October 14, counsel attempted to call Plaintiff and left a voicemail, but Plaintiff never responded. *Id.* To date, Plaintiff has neither timely responded to the discovery nor requested an extension of time.

Additionally, on September 26, 2024, counsel for Defendant called and emailed Plaintiff requesting dates for his deposition. *Id.* ¶¶ 7-8. On September 27, Defendant served Plaintiff with

a notice of Plaintiff's deposition to occur two weeks from the date of the notice, on October 11, 2024 at 9:00 a.m., in Albuquerque, New Mexico. *Id.* ¶ 11. Defendant served the notice via USPS and email. *Id.* On October 2, Defendant's counsel emailed Plaintiff offering to take his deposition in California if that would be more convenient for him. *Id.* ¶ 12. Plaintiff did not respond to any of Defendant's communications relating to his deposition. Plaintiff did not appear for the deposition, nor did he object to the notice of deposition or move for a protective order. *Id.* ¶ 12.

Under Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B), (iii), (iv). "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* R. 37(a)(5)(A). "But the court must not order this payment if . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Similarly, Federal Rule of Civil Procedure 37(d)(1)(A)(i) authorizes the Court to order sanctions if a party fails to appear for a properly noticed deposition. The range of sanctions includes:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;

2

>    (iv) staying further proceedings until the order is obeyed; and
>
>    (v) dismissing the action or proceeding in whole or in part . . . .

*Id.* R. 37(b)(2)(A). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* R. 37(d)(3).

Plainly, Plaintiff has failed to answer discovery and failed to appear for his deposition in violation of the Federal Rules of Civil Procedure. Further, Plaintiff's arguments in response to Defendant's motion to compel are meritless.

First, Plaintiff argues that he "was not properly and timely served with the discovery requests." Doc. 41 at 1. But Plaintiff elected to receive electronic notice in this case and moved for permission to use the CM ECF filing system. Docs. 33 & 39. As a result, sending documents to the email provided by Plaintiff constituted proper service for discovery. Fed. R. Civ. P. 5(b)(E). Service to Plaintiff's postal address was likewise proper. *Id.* R. 5(b)(C). The discovery requests were also timely (albeit just barely) under the Court's scheduling order, which set a discovery termination date of October 11, 2024. Doc. 25 at 2. The Court therefore rejects Plaintiff's contentions.

In his response, Plaintiff also makes arguments that are in fact objections to the discovery—he objects that Defendant requests documents already in its possession, and that the discovery is a tactic of intimidation or oppression. Doc. 41 at 2. These objections were required to be timely served on Defendant in the response to the discovery requests, not as part of a response to a motion to compel filed after refusing to answer any discovery. "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Plaintiff does not assert any grounds to find good cause and the Court is not

3

aware of any. Plaintiff waived his objections by failing to respond to discovery, or seek an extension or other relief from the Court until after Defendant filed a motion to compel. In any event, Defendant attached the interrogatories and requests for production to its motion. Doc. 37-1 at 6-23. Plaintiff does not specifically identify what is harassing or oppressive in these requests, and the Court does not see anything out of the ordinary in them.

Finally, Plaintiff argues he cannot find counsel because he contends no attorney wants to take a case against this Defendant. Doc. 41 at 2-3. While the Court is sympathetic that it can be difficult to find counsel, this difficulty does not affect Plaintiff's obligations to follow the rules. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[A]n appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

Finally, Plaintiff's response fails to address his nonappearance at his deposition, much less provide good cause for failing to appear. The Court will order Plaintiff to appear at a properly noticed deposition.

The Court GRANTS Defendant's motion in part. Specifically, the Court grants the motion to compel responses to discovery and compel appearance at a deposition. The Court extends the discovery date for a period of 45 days for the limited purpose of completing the discovery ordered in this Order. To be clear, discovery is not extended for any other purpose. Discovery that was untimely prior to the issuance of this order remains untimely, absent a separate request for extension showing good cause to further extend the deadline.

The Court denies the request to dismiss Plaintiff's claims, instead choosing to give Plaintiff an opportunity to comply with this Court order. But because the Court grants the motion to compel, it must grant Defendant's request for reasonable expenses in bringing the motion.

Doc. 37 at 9-10; Fed. R. Civ. P. 37(a)(5)(A), (d)(3). To be sure, before ordering expenses, the Court must give the party that has to pay the expenses an "opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(A). For an "opportunity to be heard," an "actual hearing is not necessary . . . , and the Court may consider the issue of expenses on 'written submissions.'" *Cardenas v. Dorel Juvenile Grp., Inc.*, 231 F.R.D. 616, 622 (D. Kan. 2005); *see also Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1230 (10th Cir. 2015) ("An opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements." (cleaned up)). "The 'written submission' requirement is met where the moving party requests expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response." *Cardenas*, 231 F.R.D at 622; *see also N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, No. 12cv526, 2017 WL 4271330, at *2 n.1 (D.N.M. Sept. 25, 2017).

Here, Defendant requested expenses, including attorney's fees, in its motion such that Plaintiff had an opportunity to respond to that request in his response brief. Doc. 37 at 9-10. And even though Plaintiff did not respond to Defendant's request, he had an opportunity to do so. *See Meridith v. Great Wolf Lodge of Kansas City, LLC*, No. 07cv2529, 2008 WL 4305110, at *1 (D. Kan. Sept. 18, 2008) ("Here, Defendant expressly requested in its supporting memorandum that it be awarded attorney's fees and expenses. Although Plaintiffs did not file a brief in response to the request for fees and expenses, they had the opportunity to do so. The Court therefore finds that Plaintiffs have had sufficient 'opportunity to be heard' within the meaning of Rule 37(a)(5)(A)." (internal citations omitted)). Accordingly, the Court finds that Plaintiff had an opportunity to be heard on this issue, and orders that Plaintiff shall pay Defendant's reasonable expenses in bringing the motion.

THEREFORE, IT IS ORDERED THAT

1. Within 30 days of the date of this Order, Plaintiff shall answer Defendant JPMorgan Chase Bank, N.A.'s First Set of Interrogatories to Plaintiff Patrick Mbaba; Defendant JPMorgan Chase Bank, N.A.'s First Requests for Production to Plaintiff Patrick Mbaba; and Defendant JPMorgan Chase Bank, N.A.'s First Requests for Admission to Plaintiff Patrick Mbaba. **Failure to comply with this Order may result in dismissal of Plaintiff's lawsuit.**

2. Within 7 days of the date of this Order, Defendant shall confer with Plaintiff regarding a date, time, and location for his deposition. If, within 14 days of the date of this Order, the parties have not reached an agreement and no party files a motion with the Court for a protective order, Defendant may set the deposition at a reasonable date, time, and location. Plaintiff must appear for the deposition or file a motion for a protective order prior to the date of the deposition. **Failure to comply with this Order may result in dismissal of Plaintiff's lawsuit.**

3. Within 14 days of the entry of this Order, Defendant shall file an affidavit outlining the expenses, including attorney's fees, it incurred in bringing the present motion to compel. Within 14 days after Defendant files its affidavit, Plaintiff may file any objections he has to the amount Defendant requests.

IT IS SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE