IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK MBABA,

        Plaintiff,

    v.                                                                                                        Civ. No. 23-872 SMD/SCY

JP MORGAN CHASE BANK, N.A., a national
banking association,

        Defendant.

## ORDER SETTING AMOUNT OF ATTORNEYS' FEES

This matter is before the Court following its Order Granting Motion To Compel And Attorney's Fees. Doc. 50. In that order, the Court granted Defendant's motion to compel and its request for expenses, including attorney's fees, associated with bringing the motion. Doc. 50 at 6. Defendant filed two affidavits requesting $6,311.50 in attorney's fees. Docs. 55 & 56. Plaintiff filed objections, Doc. 57, to which Defendant replied, Doc. 61. The Court GRANTS Defendant its attorney's fees in the amount of $6,311.50.

"To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). In this case, Defendant bears the burden to "prove and establish the reasonableness of each dollar, each hour, above zero." *Id.* at 1510. Defendant must also provide "evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983). "Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* Additionally, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Defendant requests a total of $6,311.50 in attorneys' fees, at $260, $330, and $375 an hour for approximately 21.6 hours of work on the motion and reply. Docs. 55 & 56. Although the motion to compel presented a straightforward legal issue, the Court finds that 21.6 hours of attorney time to draft a motion to compel and a reply is reasonable. The Court likewise finds that the requested hourly rates are reasonable for the geographic area. Further, Plaintiff does not specifically object to either the hourly rates or the total time spent on the case.

Instead, Plaintiff raises a series of other objections which the Court finds lack merit.

*Redactions*. Plaintiff objects that Defendant has redacted a large amount of time entries from its billing records. Doc. 57 at 1; *see* Doc. 55-1. The redactions are entries which do not relate to the motion to compel or reply. Because the redactions are unrelated to the requested fee, the Court overrules this objection.

*Failure to respond to interrogatories*. Plaintiff objects that Defendant has failed to answer his interrogatories. Doc. 57 at 1-2. The Court overrules this objection for two reasons. First, Plaintiff does not explain how this is related to the requested fee. Second, the Court has denied Plaintiff's request that the Court compel responses to Plaintiff's interrogatories. Doc. 64 at 2-3.

*Other pending motions*. Plaintiff objects that an award of attorney's fees is premature before rulings on a pending motion for a protective order and a pending motion for summary judgment. Doc. 57 at 2. Again, these motions are unrelated to the grounds for the award of costs under Rule 37. Plaintiff's failure to respond to discovery or appear for his deposition—without seeking Court intervention—are unrelated to matters on which he did seek Court intervention.

*Lack of notice and access to electronic filing*. Plaintiff alleges he lacked notice "of certain filings" and had no access to electronic filing at the relevant time. Doc. 57 at 2. This does not

explain why Plaintiff could not file with the Court by mail. Further, the Court has rejected Plaintiff's arguments that he was not properly served with the discovery. Doc. 50 at 3. Plaintiff's objection therefore amounts to a request for reconsideration. The Court has discretion to reopen "every order short of a final decree." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Fed. R. Civ. P. 54(b). The Tenth Circuit has indicated that a district court faced with a Rule 54(b) motion to reconsider may use the standards for reviewing a motion to alter or amend a judgment under Rule 59(e) to guide its analysis. *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013).[1] Under Rule 59(e) standards, a court may grant a motion for reconsideration in three circumstances: when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Plaintiff does not make any arguments that satisfy this standard, and so the Court declines to exercise its discretion to reconsider.

    *Financial hardship.* Plaintiff argues that he is suffering from financial hardship, including medical bills, and cannot afford to pay any sanctions. Doc. 57 at 2. It is true that a district must consider "[t]he offender's ability to pay" before awarding sanctions. *White v. General Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990). However, "a bald assertion that [Plaintiff is] on the verge of financial collapse is plainly insufficient to establish an inability to pay." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1160 (10th Cir. 1991). Even a sworn

---

[1] The Court cites unpublished Tenth Circuit cases for their persuasive value. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

affidavit with this assertion is insufficient. *Id.* To avoid full payment of this sanction, offenders must "come forward with evidence of their financial status." *White*, 908 F.2d at 685. Plaintiff offers neither a sworn affidavit nor any other evidence of his financial status.

The Court therefore overrules Plaintiff's objections and assesses $6,311.50 in attorney's fees. However, the Court will grant Plaintiff an opportunity to file documentation supporting his inability to pay. If Plaintiff wishes to support his objection on the basis of his inability to pay, he should submit a form such as Application To Proceed In District Court Without Prepaying Fees Or Costs, available at https://www.uscourts.gov/sites/default/files/ao239_1.pdf. Plaintiff must also attach supporting documentation, such as a sworn affidavit outlining his financial situation, bank account statements, tax filings, credit reports, and/or evidence of unpaid medical bills. Plaintiff may file such information under seal and ex parte (viewable only to Plaintiff and the Court).

## **CONCLUSION**

The Court GRANTS the amount requested in Defendant's affidavits (Docs. 55 & 56). Within 30 days of the entry of this Order, Plaintiff shall either pay Defendant its attorney's fees in the amount of $6,311.50, or file the above-described documentation supporting his claimed inability to pay. Given the length of time this issue has been pending, the Court will not be inclined to grant extensions of this deadline absent exceptional circumstances.

Failure to comply with this order may result in dismissal of Plaintiff's lawsuit.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE